Kendall A. Young and Elisabeth R. Young v. Commissioner.
Young v. Commissioner
Docket No. 33830.
United States Tax Court
1953 Tax Ct. Memo LEXIS 301; 12 T.C.M. (CCH) 389; T.C.M. (RIA) 53120; April 10, 1953
*301 1. Where a shareholder having a basis for his shares in a corporation of zero received upon complete liquidation of the corporation in 1945 property consisting of assets, cash and accounts receivable having a fair market value of $52,783.56, held, the provisions of Section 115 (c) of the Internal Revenue Code are applicable. The amounts received by the stockholder for his stock in complete liquidation are to be treated as received in full payment in exchange of the stock and the difference between the petitioner's basis and the fair market value of the property received in liquidation is to be taxed as a capital gain realized in 1945. 2. The statute of limitations will not bar a proceeding in the absence of evidence in the record tending to establish the date on which the return for the year involved was filed. 3. In the absence of any evidence in the record respecting certain expenses claimed as deductible business expenses, respondent's disallowance thereof must be upheld. 4. Where no evidence was offered with respect to the imposition of the negligence penalty under Section 293 (a) of the Internal Revenue Code, imposition of *302 the penalty is properly upheld. William E. Davis, Esq., 5440 Nebraska Avenue, N.W., Washington, D.C., for the petitioners. Reuben G. Clark, Jr., Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax of the petitioners for the calendar year 1945 in the amount of $13,338.12, plus a five per cent negligence penalty of $666.91 determined under the provisions of section 293 (a) of the Internal Revenue Code. The issues presented for our decision are as follows: 1. Is this proceeding barred by the statute of limitations? 2. Did the respondent err in disallowing certain entertainment expenses claimed by the petitioners in the amount of $520 for the taxable year 1945? 3. Did the respondent err in his determination that the petitioners realized income taxable as a long-term capital gain for the year 1945 upon distribution to Kendall A. Young of one-third of the assets of Better Housing, Inc.? 4. Did the respondent err in determining a *304 negligence penalty under section 293 (a) of the Internal Revenue Code? Findings of Fact The evidence here involved consists solely of a stipulation of facts submitted by the parties at the hearing. The facts stipulated are found accordingly. Petitioners, during the taxable year 1945, were husband and wife and residents of the State of Maryland. Petitioner Kendall A. Young (hereinafter referred to as petitioner) was a certified public accountant and a practicing tax attorney. In 1944 petitioner acquired a one-third interest in the common stock of a Maryland corporation known as Better Housing, Inc., engaged in the building of approximately 150 houses for war workers. Petitioner was given his one-third interest in the common stock of Better Housing, Inc., in return for no consideration. The cost basis of such stock to petitioner was zero. The last of the approximately 150 houses was completed in the early part of 1945 and the houses were therewith rented. Subsequent to completion, unsuccessful efforts were made by the corporation to sell the houses to their occupants. In the summer of 1945 further attempts were made by the corporation to sell the houses *305 as a block, which efforts were also unsuccessful. Upon the failure of the latter efforts, differences of opinion regarding future operations by the corporation arose among the stockholders and it was decided by them to liquidate the corporation completely and to distribute the assets in kind to each of the three stockholders, including petitioner, subject to liabilities. The machinery, tools, fixtures and automobiles belonging to the corporation were sold in the early fall of 1945. By appropriate action of the board of directors at a meeting held on November 15, 1945, Better Housing, Inc. was dissolved. All the assets of the dissolved corporation in the form of cash, accounts receivable subject to accounts payable and 150 houses and lots subject to construction mortgages were completely distributed to the three stockholders, including petitioner, on December 1, 1945. On account of his one-third stock interest in Better Housing, Inc. petitioner received on December 1, 1945, 50 houses and lots and certain miscellaneous assets in the form of cash and accounts receivable. The fair market value on December 1, 1945, of the houses and lots subject to mortgages received by petitioner on *306 liquidation of Better Housing, Inc. was determined by the Commissioner in his notice of deficiency as $50,742.51, and the fair market value of certain miscellaneous assets consisting of cash and accounts receivable subject to accounts payable received by petitioner was determined by the Commissioner in his notice of deficiency as $2,041.05, totaling $52,783.56. The parties also stipulated such valuations. Petitioners filed a joint income tax return for the calendar year 1945. They failed to report any part of the amount received on liquidation of Better Housing, Inc. as income for such year. In redetermining petitioners' income for the calendar year 1945 the Commissioner included therein as additional income 50 per cent of $52,783.56, or $26,391.78, as a long-term capital gain. In 1946 petitioner sold 12 of the houses received on liquidation of Better Housing, Inc. and reported income derived from such sales on his return of income for such year, either on completed sale or on the installment sale basis. Opinion HILL, Judge: To support their contention that this proceeding is barred by the statute of limitations pursuant to section 275 (a) of the Internal Revenue Code *307 , it is essential that petitioners produce evidence sufficient in weight to support the burden of proof placed upon them by the presumptive correctness attributable to the respondent's determination that a deficiency existed in their income tax for the year involved. Rule 32, Rules of Practice before The Tax Court of the United States. It follows then that one of the essential elements of the petitioners' case is proof of the date on which they filed their return for the year 1945. Examination of the stipulation of facts reveals the following: "Petitioners filed a joint income tax return for the calendar year 1945." No other evidence tending to establish the date of filing is before this Court. It must be noted that there is no statement in the stipulation that the return was "timely" filed or "properly" filed or "filed according to law." On the contrary, the stipulation contains the bare statement that petitioners filed a joint income tax return for the calendar year 1945. We can not assume facts which the petitioners have neglected to prove. For this reason this proceeding is not barred by the statute of limitations and we so hold. The stipulation of facts is equally deficient *308 relating to the issue concerning the disallowance of entertainment expenses. Here again it is incumbent upon the petitioners to carry the burden of establishing facts sufficient to warrant allowance of the claimed entertainment expenses as a proper deduction. The stipulation is completely silent upon this issue. We have, therefore, no choice but to hold that the petitioners have failed to meet their burden on this issue. Under the provisions of section 115 (c) of the Internal Revenue Code, [1] amounts received by a stockholder for his stock in complete liquidation of a corporation are treated as received in full payment in exchange for the stock. Gain or loss to the distributee resulting from such an exchange is to be determined under the provisions of section 111 of the Code but will be recognized only to the extent provided in section 112 and shall be subject to the conditions and limitations provided in section 117 (j). Regulations 111, section 29.115-5. That is, the difference between the basis of the stock and the value of the assets distributed is considered taxable as a capital gain or loss, as the case may be. Here the respondent has treated the difference *309 between the petitioner's basis, that is, zero, and the fair market value of the property received by him in liquidation, that is, $52,783.56, as a capital gain. This treatment is so firmly established by the decisions of the various courts, o.g., Hellmich v. Hellman, 276 U.S. 233; T. T. Word Supply Co., 41 B.T.A. 965; The Rollestone Corporation, 38 B.T.A. 1093, as to be unimpeachable. The measure of the income realized is the difference between the basis of the distributees' stock and the fair market value of the assets received in liquidation. George Theis, Jr., 3 B.T.A. 1030, Anna L. Dirksen, Executrix, 24 B.T.A. 1152. *310 If we understand the petitioner's argument in opposition to the respondent on this point, it is this: The assets distributed in kind to him in 1945 upon the liquidation of Better Housing, Inc. did not give rise to a taxable event for the reason that there was no realization of income by him in that year. He argues that there could be no realization of income because he received assets in kind, not in cash, and that recognition of any gain or loss must be postponed to such later time as he sees fit to dispose of the assets for their cash equivalent. To support this position the petitioner relies on that much quoted language from Eisner v. Macomber, 252 U.S. 189, 207, set forth below: "* * * 'Income may be defined as the gain derived from capital, from labor, or from both combined,' provided it be understood to include profit gained through a sale or conversion of capital assets, to which it was applied in the Doyle Case [Doyle v. Mitchell Bros. Co., 247 U.S. 179] (pp. 183, 185). "* * * Here we have the essential matter: not a gain accruing to capital, not a growth or increment of value in the investment; but a gain, a profit, something of exchangeable *311 value proceeding from the property, severed from the capital however invested or employed, and coming in, being 'derived,' that is, received or drawn by the recipient (the taxpayer) for his separate use, benefit and disposal; - that is income derived from property. Nothing else answers the description." Thus the petitioners seek to base their argument upon a constitutional ground. However, it is entitled to little weight, for here the petitioner Kendall A. Young received property having a fair market value of $52,783.56 when Better Housing, Inc. was liquidated. This was drawn by Kendall A. Young for his separate use, benefit and disposal. That this amount of $52,783.56 is gain and hence to some extent taxable income derived from his capital investment of zero is indisputable. If the petitioners are complaining on the basis of the hardship which might result from the fact that they have no cash and hence no source from which the tax attributable to their gain may be paid, we must agree this is unfortunate. However, arguments based upon hardship are better directed to Congress, for Congress alone has the power to give taxpayers relief in this situation. The petitioners also cite *312 the authority contained in Commissioner v. Moore, 48 Fed. (2d) 526, certiorari denied 284 U.S. 620; Lewis v. O'Malley, 140 Fed. (2d) 735, and Lynch v. Turrish, 247 U.S. 221. The truisms for which the petitioners cite these cases are not to be denied, but none of them give the petitioners aid here. The Moore case involved the question whether a profit derived from the sale of certain oil stock should be charged to the income of the taxpayers for the year in which the contract of sale was made or whether it should be charged to their income in the years in which the payments of the purchase price were actually received. The court held that in such circumstances the deferred payments were taxable in the year in which received. This holding is not authority for the proposition that gain on the sale of one's stock to a corporation in liquidation is not taxable until the assets received in kind are later disposed of. The Turrish and O'Malley cases give the petitioners as little comfort and need not be considered here. Petitioners further argue that section 316 of the Revenue Act of 1951, amending section 112 (b) (7) of the Internal Revenue Code *313 , is in some way here applicable. Section 112 (b) (7) appeared first in the Revenue Act of 1938. It operated to permit shareholders under certain circumstances to postpone reporting a gain on receipt of a liquidating distribution where the liquidation was completed in the month of December 1938. This provision was substantially re-enacted by section 120 of the Revenue Act of 1943 for liquidations completed in any calendar month of 1944, as was the case with section 206 (a) of the Revenue Act of 1950 with regard to any calendar month in 1951 and section 316 of the 1950 Act with regard to any calendar month in 1952. These amendments, special relief provisions, designed to expedite dissolution of personal holding companies, are not applicable here. They stand rather as a perfect refutation of the very interpretation of the law which the petitioners would have this Court make here. For the reasons set forth above we sustain the determination of the respondent and hold that the petitioners realized a taxable gain in the taxable year 1945 on the difference between the basis of the Better Housing, Inc. stock of zero and the fair market value of the assets received in kind upon the liquidation *314 of that corporation. The remaining issue concerns the negligence penalty determined to be applicable here by the respondent. On the authority of Briggs-Weaver Machinery Co., 14 B.T.A. 1351, the petitioners argue that the negligence penalty imputed to them here is improper for the reason that the questions presented by this appeal were of a controversial nature. The stipulation of facts contains no evidence upon this point beyond the statement that Kendall A. Young "was a Certified Public Accountant and a practicing tax attorney." In the light of this fact and the additional fact that the petitioners failed to introduce any further evidence relating to this issue, we sustain the respondent in his determination of the negligence penalty, imposed in accordance with the provisions of section 293 (a) of the Internal Revenue Code. Decision will be entered for respondent. Footnotes
1. SEC. 115. DISTRIBUTIONS BY CORPORATIONS. * * *
(c) Distributions in Liquidation. - Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112↩. In the case of amounts distributed (whether before January 1, 1939, or on or after such date) in partial liquidation (other than a distribution to which the provisions of subsection (h) of this section are applicable) the part of such distribution which is properly chargeable to capital account shall not be considered a distribution of earnings or profits. If any distribution in partial liquidation or in complete liquidation (including any one of a series of distributions made by the corporation in complete cancellation or redemption of all its stock) is made by a foreign corporation which with respect to any taxable year beginning on or before, and ending after, August 26, 1937, was a foreign personal holding company, and with respect to which a United States group (as defined in section 331(a)(2)) existed after August 26, 1937, and before January 1, 1938, then, despite the foregoing provisions of this subsection, the gain recognized resulting from such distribution shall be considered as a gain from the sale or exchange of a capital asset held for not more than 6 months.