Philip F. **BOYNTON**, Plaintiff-Appellant,

v.

**Rea Forhan PEDRICK**, as Administratrix of the estate of William J. Pedrick, deceased, late Federal Collector of Internal Revenue in and for the Second New York Division, Defendant-Appellee.

No. 12, Docket 23495.

United States Court of Appeals Second Circuit.

Argued Oct. 13, 1955.

Decided Dec. 7, 1955.

Gray & Wythe, New York City (Horace M. Gray, New York City, of counsel), for appellant.

J. Edward Lumbard, U. S. Atty., for the Southern District of New York, New York City (Thomas C. Burke, New York City, of counsel), George M. Vetter, Jr., New York City, for appellee.

Before FRANK, HINCKS and WATERMAN, Circuit Judges.

PER CURIAM.

This is a suit by taxpayer to recover from the estate of a Collector of Internal Revenue taxes paid by plaintiff, under protest, for deficiencies of income tax for the calendar years 1943 and 1944, together with interest and penalties assessed.

The judge told the jury that "as a matter of law the regulations were properly applied by the Commissioner when he assessed the taxes"; that the only question for the jury was whether the Commissioner was correct in assess-

ing the penalties; and that the penalties were properly assessed if plaintiff's failure to report his income, as required by the Regulations, was either negligent or intentional. The judge submitted to the jury two questions, worded identically except as to the year involved, reading: "Was the plaintiff's failure to report his income for the year, in the manner prescribed by law, due either to negligence or to intentional disregard of rules and regulations?" Plaintiff's sole objections to the charge were as follows:

"If the court please, I except to your Honor's charge that if the plaintiff's failure to report was intentional, that he is liable for a penalty. Our position is that a man has the right to contest any of the Regulations of the Bureau of Internal Revenue, as long as it is done in good faith, and that he is not to be penalized for asserting his legal rights or asserting what he in good faith believes are his legal rights. I also except to your Honor's failure to charge the other requests filed by the plaintiff in his requests to charge and in his supplemental requests to charge, which have not been charged by the Court; and I also except to the failure of the Court to submit to the jury all the other questions of fact which appear in the record."

All plaintiff's requests to charge were either properly denied or sufficiently covered in the charge. The jury's answers to the questions were that plaintiff's failure was due to negligence.

■ Judge Murphy correctly decided, and withheld from the jury, the issues relative to the validity of the assessment of the taxes. Plaintiff's contention on those issues are satisfactorily answered in Judge Murphy's opinion, 136 F.Supp. 888. He (the trial judge) properly rejected appellant's troglodytic constitutional arguments.

Plaintiff contends that the questions addressed to the jury were erroneous in that they required the jury to find either negligent or intentional disregard and thus did not permit of answers that there was neither negligence nor intention. But plaintiff's objections to the charge did not raise that question; he objected merely that an intentional disregard was not enough. That objection was unfounded. See I.R.C.1939, § 293.[1]

■ The court did not err in charging the jury that the plaintiff had the burden of proving that the Commissioner's assessment of penalties in this case was wrong. This is the correct rule in any case involving the assessment of a penalty for negligent or intentional disregard of the rules and regulations under § 293. Gibbs & Hudson, Inc., 35 B. T.A. 205; Lawrence Fred Zacker, 12 T.C.M. 912, 918; Anne P. Humphrey, 5 T.C.M. 21, 31; cf. Kendall A. Young, 12 T.C.M. 389, 392, affirmed 4 Cir., 208 F.2d 795; Moskin v. Johnson, D.C., 115 F.Supp. 565, 572, affirmed 2 Cir., 217 F.2d 278.

■ The evidence amply supports the jury's finding that plaintiff's failure to report his income accurately was due to negligence. Although plaintiff employed an accountant, that accountant testified he told the plaintiff the inventories were necessary in preparing the returns and that plaintiff refused to have the inventories used in making up the returns. On the basis of this testimony, coupled with plaintiff's testimony that he did not know what constituted a cash basis, the jury could reasonably find negligence.

Affirmed.

1. Section 293 provides: "If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency * * *." 26 U.S.C.A. § 293.