**TEXAS TRADE SCHOOL, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 17740.**

United States Court of Appeals
Fifth Circuit.

Nov. 25, 1959.

ucational purposes, no part of the net earnings of which inures to the benefit of any prior shareholder or individual. The basis for this determination was that five individuals, four of whom were members of the executive committee of the School and all of whom were members of the Board of Directors shared in petitioner's net earnings as a result of the payment to them of excessive and unreasonable rent for real estate leased to the petitioner and as the result of the construction by petitioner of buildings which became part of their real estate. The Tax Court carefully reviewed the facts and the law and upheld the determination of the Commissioner. 30 T.C. 642. We find that the record fully supports the holding of the Tax Court and we adopt the opinion of the Tax Court as the opinion of this Court.

The judgment of the Tax Court is Affirmed.

Allen Melton, Dallas, Tex., for petitioner.

Rita E. Hauser, Atty., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Howard A. Heffron, Act. Asst. Atty. Gen., Lee A. Jackson, Atty., Marvin W. Weinstein, Atty., Arch M. Cantrall, Chief Counsel, Charles P. Dugan, Special Atty., Washington, D. C., Internal Revenue Service, for respondent.

Before HUTCHESON, JONES and WISDOM, Circuit Judges.

PER CURIAM.

The Commissioner of Internal Revenue determined that Texas Trade School, petitioner, was not entitled to exemption from taxation under Section 101(6) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 101(6). This section exempts from taxation corporations organized and operated exclusively for ed-