CHARLES P. SCHAFER and MARY E. SCHAFER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schafer v. Commissioner
Docket No. 1772-73.
United States Tax Court
T.C. Memo 1976-369; 1976 Tax Ct. Memo LEXIS 28; 35 T.C.M. (CCH) 1681; T.C.M. (RIA) 760369; December 6, 1976, Filed *28 Held, under the facts, P has not established that certain expenses were deductible as ordinary and necessary expenses of a business carried on by him within the meaning of sec. 162(a), I.R.C. 1954. Held, further, P has failed to substantiate his alleged expenditures for travel and entertainment as required by sec. 274(d), I.R.C. 1954, and has failed to prove that his expenditures for entertainment were directly related to or associated with business within the meaning of sec. 274(a), I.R.C. 1954. Held, further, P's underpayment of taxes was due to negligence or intentional disregard of rules and regulations within the meaning of sec. 6653(a), I.R.C. 1954. Charles P. Schafer, pro se. Edward J. Roepsch, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioners' Federal income taxes: Sec. 6653(a) [1] Year
Deficiency
Addition
1968
$ 920.85
$46.04
1969
1,553.66
77.68 Several issues have been conceded; those remaining for decision are: (1) Whether the petitioners are entitled to deduct certain expenses allegedly incurred in connection with legal work performed by one of them; and (2) whether any part of the underpayment of *30 taxes for the taxable years 1968 and 1969 was due to negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Charles P. Schafer and Mary E. Schafer, husband and wife, resided in Omaha, Neb., at the time of filing the petition in this case. They filed joint Federal income tax returns for the taxable years 1968 and 1969 with the Internal Revenue Service Center, Cincinnati, Ohio. Until 1966, the petitioners lived in Omaha, Neb. From September 1964 until January 1966, Mr. Schafer attended law school at Creighton University in Omaha. The petitioners moved from Nebraska to Indiana late in 1966. From approximately October 1966 through February 1967, Mr. Schafer was employed by an accounting firm in Indiana. He was licensed as a Certified Public Accountant (CPA) by the States of Nebraska and Indiana in 1967. In February 1967, Mr. Schafer commenced employment as a field agent with the Internal Revenue Service in Indianapolis, Ind. In September of that year, he enrolled in the evening division of the Indianapolis Law School, Indiana University, Indianapolis, Ind. He *31 graduated from law school in December of 1969 and was admitted to the bar of the State of Indiana in May of 1970. However, he continued to be employed as an IRS field agent through June 1970. In January of 1969, Mr. Schafer was retained by two relatives "to represent them" in a will contest; his primary duties involved the performance of legal research and preparation of briefs. During 1969, he also was employed by two life insurance companies to prepare materials on estate planning for their sales staffs. Mr. Schafer received no remuneration from these clients in 1969; however, it was agreed that in 1970 he would be compensated for such work. On their joint Federal income tax return for 1968, the petitioners claimed deductions in the amount of $4,275.79, which were disallowed by the Commissioner in his notice of deficiency. The petitioners now concede that $3,864.33 of such deductions is not deductible, and the Commissioner concedes that the balance of them is deductible. On their 1969 Federal income tax return, the petitioners filed a schedule C, showing no income from the operation of a trade or business but reporting a loss of $2,165 incurred by Mr. Schafer in his business *32 as an "Attorney and Law Clerk." The petitioners have since conceded $1,531 of such expenses, but maintain that they are entitled to a business loss deduction for the taxable year 1969 in the amount of $634. At trial, copies of cancelled checks were submitted as proof of expenditures made in each of the following categories: [2] Category
Amount
Miscellaneous office expense
$159.61
Entertainment
175.99
Meetings, dues, and subscriptions
173.55
Library depreciation
136.91
On their Federal income tax return for 1969, the petitioners also claimed a deduction of $3,144 for employee business expenses. Subsequently, they conceded $2,556 of such expenses, but contend that they are entitled to a deduction of $588 for travel expenses. Although the petitioners deducted such amount as an employee business expense on their return, it is clear from the record that they do not contend that such amount was incurred in connection with Mr. Schafer's *33 business as an IRS employee, but rather that it was incurred in connection with his trade or business as an attorney or law clerk. The evidence offered by the petitioners to substantiate their claimed travel and business expense deductions consisted of the testimony of Mr. Schafer and copies of cancelled checks. While some of the checks contained notations as to the purported purposes of the expenditure, others bore no such notation. No books of account, diaries of expenditures, or receipts were offered as evidence by the petitioners. Mr. Schafer testified that he had obtained receipts for all expenditures, but that such receipts were lost due to frequent moves by the petitioners. OPINION The principal issue in this case involves the deductibility of expenses purportedly incurred by Mr. Schafer in connection with his business as an attorney or law clerk. Section 162(a) allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." To be deductible under section 162, expenses must qualify as ordinary and necessary and must be proximately related to a trade or business of the taxpayer. See Eugene H. Walet, Jr.,31 T.C. 461, 470 (1958), *34 affd. per curiam 272 F. 2d 694 (5th Cir. 1959); H. William Ihrig,26 T.C. 73, 76 (1956). The petitioners have the burden of proving that the expenditures in question satisfy these criteria. Rule 142, Tax Court Rules of Practice and Procedure; cf. Welch v. Helvering,290 U.S. 111 (1933). The petitioners claim that during the taxable year 1969, Mr. Schafer was engaged in business as an attorney or law clerk, and that expenses incurred in connection with such business are deductible. On the other hand, the Commissioner contends that in such year, Mr. Schafer was not engaged in any trade or business other than that of an IRS field agent, that the petitioners have not established that the expenditures in question were ordinary and necessary business expenses, and that they have failed to prove that such expenditures were in fact incurred for the purpose designated. Additionally, with regard to the claimed expenditures for travel and entertainment, the Commissioner maintains that the petitioners have failed to satisfy the substantiation requirements of section 274. Mr. Schafer testified that he represented six or eight different clients *35 during 1969, but mentioned specifically only the work on the will contest and the preparation of insurance company sales materials, and failed to provide any other information as to the nature and extent of his activities on behalf of any clients. The Commissioner points out that since Mr. Schafer was not admitted to the practice of law until 1970, he was not authorized to practice law in 1969. He questions whether Mr. Schafer could have engaged in business as an attorney or law clerk in light of his apparent lack of authority "to represent" anyone or to engage in the activities performed by him. Despite his burden of proof, Mr. Schafer failed to offer any evidence as to whether his activities were authorized and, if not authorized, as to whether any expenses incurred in connection with them would be deductible. Accordingly, we hold that he has failed to carry his burden of proving that his activities constituted a trade or business with respect to which he would be entitled to deduct any expenses under section 162(a). In addition, we are not convinced that the expenses were in fact incurred for the purposes claimed. The only evidence consisted of copies of cancelled checks *36 and the testimony of Mr. Schafer. Of the 23 checks submitted as proof of office expenses, 14 contained notations indicating the nature of the purchase. The notations reveal that the expenditures were for items such as legal pads, file folders, cassette recorder tapes, typing paper, pens, and pencils. In support of their claimed deduction for library depreciation, the petitioners submitted copies of 10 cancelled checks, 6 of which contained notations. Some of the expenditures were for equipment for a cassette tape recorder. One of the checks bore the notation "UCC Book." As to three of the checks, Mr. Schafer testified that he could not remember the nature of the purchase. Mr. Schafer was a law student during the years at issue, and although he testified that the items for which deductions were claimed were used solely in connection with his alleged business activities, he has not convinced us that such expenditures were not in fact for school supplies.Thus, irrespective of whether in 1969 Mr. Schafer's activities as an "attorney or law clerk" constituted a trade or business, he has failed to prove that the claimed expenditures were incurred in connection with any such trade or *37 business and failed to prove that he is entitled to deduct them under section 162(a). In support of their claimed deduction for dues, memberships, and meetings, the petitioners submitted copies of 19 cancelled checks, 7 of which contained notations. Some of these checks obviously were for nonbusiness purposes; for example, there were checks to the Indiana University Law Wives and the Student Bar Association. The purpose of others was not explained. However, with respect to the following three items, the petitioners have carried their burden of proving that the expenditures were in fact incurred for the purpose designated: Indiana Board of Certified
Accountants
$10.00
Journal of Taxation
12.00
Indiana CPA Association
35.00 We find such three items to be proximately related to Mr. Schafer's business as a CPA and IRS field agent and deductible under section 162(a), but the petitioners have failed to carry their burden of proving that they are entitled to deduct the other items relating to dues, memberships, and meetings. Although the three items have met the tests of deductibility under section 162(a), they can be deducted only if the petitioners itemized their *38 deductions (see L. L. Moorman,26 T.C. 666, 678 (1956)), and since they have elected the standard deduction for 1969, they are not entitled to any itemized deductions. The petitioners also claimed deductions for travel and entertainment expenses. Such expenses, not only must fulfill the conditions of section 162, but also must satisfy the requirements of section 274 in order to be deductible. Section 274(d) requires that the taxpayer substantiate "by adequate records or by sufficient evidence corroborating his own statement" the amount of the expense, the time and place of the travel or entertainment, the business purpose of the expense, and the business relationship to the taxpayer of the persons entertained. Regulations promulgated pursuant to the statute provide that in order to meet the "adequate records" requirement, a taxpayer must maintain an account book, diary, statement of expense, or similar record prepared contemporaneously with the expenditure, and, in certain situations, documentary evidence, such as receipts or paid bills. These records must be sufficient to establish each element--amount, time, place, business purpose, and business relationship--of *39 an expenditure. The regulations also provide that a cancelled check is not sufficient to support a business expense deduction without other evidence showing that the check was used for a certain business purpose. Sec. 1.274-5(c)(2), Income Tax Regs. This Court has previously sustained the validity of such regulations. William F. Sanford,50 T.C. 823 (1968), affd. per curiam 412 F. 2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969); see also Wm. Andress, Jr.,51 T.C. 863, 867 (1969), affd. per curiam 423 F. 2d 679 (5th Cir. 1970); John Robinson,51 T.C. 520, 536-537 (1968), affd. per curiam on this issue 422 F. 2d 873 (9th Cir. 1970). Although the petitioners contend that they are entitled to a travel expense deduction of $588, no books of account, diaries, or other similar records were introduced into evidence, and it appears that no such records were maintained. The only evidence consisted of copies of cancelled checks and Mr. Schafer's own testimony. Such evidence is not sufficient to satisfy the adequate records requirement of section 274(d). See Norman E. Kennelly,56 T.C. 936, 943 (1971), *40 affd. without opinion 456 F. 2d 1335 (2d Cir. 1972); Wm. Andress, Jr.,supra at 868-869; William F. Sanford,supra at 830. In the absence of adequate records to substantiate each element of an expense, a taxpayer may alternatively establish such element: (i) By his own statement, whether written or oral, containing specific information in detail as to such element; and
(ii) By other corroborative evidence sufficient to establish such element. If such element is * * * the cost, time, place, or date of an expenditure, the corroborative evidence shall be direct evidence, such as a statement in writing or the oral testimony of persons entertained or other witness setting forth detailed information about such element, or the documentary evidence described in subparagraph (2) of this paragraph. If such element is either the business relationship to the taxpayer of persons entertained or the business purpose of an expenditure, the corroborative evidence may be circumstantial evidence. [Sec. 1.274-5(c)(3), Income Tax Regs.; emphasis supplied.] Mr. Schafer's testimony failed to provide the specific information *41 in detail as required by the regulations, but was vague and general. For example, he testified that he could not remember the business purpose of two of the cancelled checks. In another instance, he claimed that they traveled to a resort where they entertained a stock broker and his wife, but his only testimony in this regard was that the broker was a prospective client and that they discussed the possibility of engaging Mr. Schafer to perform legal work in the future. Mr. Schafer also claimed deductions for travel to Washington, D.C., and Omaha, Neb. He testified that the purpose of his trip to Washington was to research procedural rulings in the Tax Court, but did not provide any information regarding the client for whom such research was performed.Likewise, he testified that he traveled to Omaha to work on the will contest, but failed to describe what work was performed while he was there. Mr. Schafer's vague and self-serving testimony is not sufficient to satisfy the requirements of section 274(d) with respect to any of the claimed travel expenses. John L. Ashby,50 T.C. 409, 415 (1968). No evidence was offered to confirm his testimony as to the business *42 purpose of any of these trips; therefore, we find that the petitioners have failed to submit sufficient corroboratory evidence as required by section 274(d). See Frank Paul Rutz,66 T.C. 879, 885 (1976); Buddy Schoellkopf Products, Inc.,65 T.C. 640, 644 (1975). The petitioners contend that they are excused from the substantiation requirements of section 274(d) by virtue of section 1.274-5(c)(5) of the Income Tax Regulations which provides: (5) Loss of records due to circumstances beyond control of taxpayer. Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures. Mr. Schafer testified that he retained receipts and copies of paid bills, but that such documents were lost due to frequent moves by the petitioners. We do not believe that the loss of records while moving from one residence to another constitutes a casualty beyond the taxpayers' control within the meaning *43 of the regulations. See Joe F. Gizzi,65 T.C. 342, 345-346 (1975). With respect to their claimed entertainment expense deduction, the petitioners correctly point out that as most of the items were less than $25, they are not required to submit documentary evidence to support such items. Sec. 1.274-5(c)(2)(iii), Income Tax Regs. However, they still must establish, pursuant to section 274(a), that the expenditures were "directly related to, or * * * associated with, the active conduct of * * * [a] trade or business," and they must, in accordance with section 274(d), substantiate such expenditures by the maintenance of adequate records as provided in section 1.274-5(c)(2)(ii) of the regulations or by alternative proof in accordance with section 1.274-5(c)(3). Cf. William F. Sanford,50 T.C. at 833. With respect to three of the cancelled checks, Mr. Schafer testified that he could not recall the business purpose of the entertainment. Others obviously were for nonbusiness purposes-- for example, an Indiana University Law Wives dinner. Mr. Schafer testified that the petitioners entertained other Indianapolis attorneys; however, no evidence was offered *44 to establish his business relationship to such attorneys, or that business was ever discussed. We, therefore, find that the petitioners have failed to establish in the required manner that the expenditures for entertainment were directly related to or associated with business. See Wm. Andress, Jr.,51 T.C. at 866. Finally, we must decide whether any part of the underpayment of taxes for 1968 and 1969 was due to negligence or intentional disregard of rules and regulations. The petitioners also have the burden of proof on this issue. Cleveland Chiropractic College,312 F. 2d 203, 207 (8th Cir. 1963), affg. a Memorandum Opinion of this Court; David Axelrod,56 T.C. 248, 258-259 (1971); David Courtney,28 T.C. 658 (1957). For the taxable year 1968, the petitioners conceded that they were not entitled to approximately $3,800 of the deductions claimed on their return; likewise, for 1969, they conceded over $4,900 in deductions. Mr. Schafer testified that the petitioners conceded only because they had lost the records necessary to substantiate the deductions they claimed, and that all such deductions were proper. However, *45 they have admitted claiming relatively large deductions that they cannot support and from Mr. Schafer's testimony, we are not convinced that they ever had any basis for claiming such deductions. Accordingly, we hold that the petitioners have failed to meet their burden of proving that the underpayments were not due to negligence and hold that they are liable for the additions to tax. Robert L. Bunnel,50 T.C. 837, 843 (1968). Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. The parties stipulated that the disputed business expenses totaled $634. However, addition of the amounts allegedly expended in each category produces a total of $646.06. This discrepancy is not explained in the record.↩