SOPO M. PORTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ROBERT F. PORTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Porter v. Commissioner
Docket Nos. 4971-76, 5073-76.
United States Tax Court
T.C. Memo 1979-104; 1979 Tax Ct. Memo LEXIS 422; 38 T.C.M. (CCH) 485; T.C.M. (RIA) 79104; March 22, 1979, Filed *422 (1) Held, H and W must divide their community incomes, deductions, and exemptions in the manner determined by the Commissioner. (2) Held, H and W are entitled to various deductions only in the amounts determined by the Commissioner. (3) Held, H and W had interest income in the amount determined by the Commissioner. (4) Held, H and W may not claim deductions attributable to income derived from sources within a possession of the U.S. where they excluded such income from their gross income under sec. 931(a), I.R.C. 1954. (5) Held, H and W had gross receipts from H's business in the amount determined by the Commissioner.
(6) Held, H and W are not entitled to a medical expense deduction in excess of the amount allowed by the Commissioner. (7) Held, H may not use the standard deduction where H and W filed separate returns and where W itemized deductions on her return. (8) Held, H is liable for the addition to tax under sec. 6651(a), I.R.C. 1954, for failure to file timely his return for 1972. (9) Held, H and W are liable for the additions to tax under sec. 6653(a), I.R.C. 1954 (relating to negligence, etc.), for 1972 and 1973. Sopo M. Porter, pro se in docket No. 4971-76. Robert *423 F. Porter, pro se in docket No. 5073-76. Richard W. Kennedy, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioners' Federal income taxes: Addition to Tax
Sec. 6651(a)
Sec. 6653(a) Petitioner
Year
Deficiency
I.R.C. 1954 [1]
I.R.C. 1954
Sopo M. Porter
1972 $ 640.00
$32.00
1973
1,041.00
52.05
Robert F. Porter
1972
1,153.00
$173.00
58.00
1973
1,672.00
83.60
The issues for decision are: (1) Whether the petitioners, who are residents of a community property State, may split their income, deductions, and exemptions other than equally solely for purposes of computing their Federal income tax liability where they have no agreement changing the character of their community income; (2) whether the petitioners are entitled to deductions for office helpers, entertainment, repairs, contributions, dues and subscriptions, rent, moving expenses, investments, American Customs Brokers Co., depreciation, and taxes in excess of the amounts allowed by the Commissioner; (3) whether the petitioners had *424 interest income in the amount determined by the Commissioner; (4) whether the petitioners may claim deductions attributable to income derived from sources within a possession of the United States where such income was not reported on their Federal income tax returns; (5) whether the petitioners' gross receipts in 1972 from Mr. Porter's business were less than the amount reported by him on his tax return for such year; (6) whether the petitioners are entitled to a medical expense deduction for insurance premiums where insurance policies provided for health, life, accident, auto, and income continuation insurance, and where the portion of the premium allocable to health insurance was not separately stated in the contract or furnished to the policyholder by the insurance company in a separate statement; (7) whether one spouse is entitled to the standard deduction for 1972 and 1973 where the other spouse filed a separate return itemizing deductions; (8) whether Mr. Porter is liable for the addition to tax under section 6651(a) for failing to timely file his 1972 Federal income tax return; and (9) whether any part of the underpayment of taxes for 1972 and 1973 was due to negligence or intentional *425 disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Robert F. and Sopo M. Porter, husband and wife, maintained their legal residence in North Hollywood, Calif., at the time they filed their petitions in this case. Mrs. Porter timely filed her Federal income tax returns for 1972 and 1973. Though he timely filed his 1973 Federal income tax return, Mr. Porter signed his Federal income tax return for 1972 on June 15, 1973, and such return bore the following note: "Taxpayer was ill and caused the delay of late filing for taxable year 1972." Both petitioners checked their filing status as "Married filing separately." During the years in issue, Mrs. Porter was employed as a registered nurse, and Mr. Porter engaged in the business of preparing income tax returns. He had offices in American Samoa and in San Francisco, Long Beach, and North Hollywood, Calif. All of his offices were heavily patronized by the local Samoan population. Mr. Porter prepared his and Mrs. Porter's tax returns for 1972 and 1973. Mr. Porter has been licensed to practice law in American Samoa. Stamped on the returns prepared *426 by Mr. Porter is the legend "Robert F. Porter, BBA, BA, LLB, JD, General Tax Practice." During the years in issue, the petitioners had a joint checking account and joint charge accounts. Their paychecks were deposited in the joint checking account, and they used such account to pay their household expenses. The petitioners had no oral or written agreement changing the character of their income or expenses from community to separate property during the years in issue. Solely for purposes of their Federal income tax returns, the petitioners reported on their separate returns only the income they individually earned, and they allocated all of the business deductions to Mr. Porter and all of the nonbusiness deductions to Mrs. Porter. In addition, the petitioners claimed seven exemptions in 1972, one by Mr. Porter and six by Mrs. Porter. In 1973, the petitioners claimed eight exemptions, three by Mr. Porter and five by Mrs. Porter. The Commissioner maintains that Mr. Porter is entitled to four exemptions in each of the years in issue and that Mrs. Porter is entitled to three exemptions in 1972 and four in 1973. He also maintains that the income and deductions were to be divided *427 evenly between the petitioners. During the audits and in the deficiency notices, the Commissioner made numerous adjustments, some of which were subsequently modified at trial. The adjustments for office helpers, entertainment, repairs, contributions, dues and subscriptions, rent, moving expenses, investments, American Customs Brokers Co., depreciation, and taxes for the petitioners in both of the years in issue are as follows: Amount
Amount
Amount
Amount
Claimed on
Allowed
Allowed
Still In Item
Return
in Audit
At Trial
Dispute
Mr. Porter: 1972
Office helpers
$2,821.00
$2,621.00
0 $ 200.00
Entertainment
2,426.00
0
0
2,426.00
Repairs
1,909.00
0
$ 98.00
1,811.00
Contributions
1,229.00
0
0
1,229.00
Dues and sub-
scriptions
1,304.00
1,186.00
0
118.00
Rent
1,540.00
1,060.00
215.00
265.00
Moving expense
0
0
43.00
a *428 Mr. Porter: 1973
Office helpers
$3,778.00
$2,758.00
0
$ 1,020.00
Entertainment
2,440.00
0
0
2,440.00
Repairs
789.00
0
0
789.00
Investment
333.00
0
0
333.00
American Customs
Brokers Co.
159.00
0
0
159.00
Depreciation
130.00
230.00
0
a
Rent
1,150.00
905.00
$380.00
a
Mrs. Porter: 1972
Taxes
$1,464.00
$1,411.00
0 $ 53.00
Mrs. Porter: 1973
Contributions
$3,810.00
$2,323.00
0
$1,487.00
On his 1973 return, Mr. Porter reported no interest income. The Commissioner increased the petitioners' interest income by $719, but at trial, he reduced such income by $410, leaving them with interest income of $309 for 1973. During 1972 and 1973, Mr. Porter maintained a business ofice in American Samoa, from which the petitioners realized income. However, they did not file an income tax return in American Samoa for 1972 and 1973 with respect to such income, nor did they report the income on their Federal income tax returns for such years. Nevertheless, Mr. Porter claimed deductions on his Federal income tax returns for business expenses incurred in connection with his American Samoa office. The Commissioner disallowed such deductions, although he agrees that Mr. Porter has substantiated spending $342 for 1972 and $300 for 1973 for such purposes. In 1972, Mr. Porter operated his business office in Long Beach, Calif., with Mr. Punimata, who prepared the financial statements for such office. For the calendar year 1972, Mr. Punimata prepared three financial statements, which stated the "Income from Services Rendered" for such office as follows: Income from Statement Date
Services Rendered
4/15/73
$1,070.00
4/17/73
2,015.00
4/14/74
2,015.00
In *429 addition, a computation on the statement dated April 15, 1973, used $1,070.00 as Mr. Porter's income from the Long Beach office in computing his gross receipts for all of his offices at $25,000.00. In 1972 and 1973, the petitioners expended substantial sums for medical and other types of insurance. Mrs. Porter deducted a portion of such insurance premiums as a medical expense as follows: Item
1972
1973
Medical insurance
premiums $ 679.00 $ 527.00
Other insurance
premiums
1,150.00
1,434.00
Total insurance
premiums
$1,829.00
$1,961.00
Medical insurance
premium deducted
$ 679.00 $ 527.00
Other insurance
premium deducted
757.00
744.00
premiums deducted
$1,436.00
$1,271.00
The "other" insurance premiums were attributable to life, accident, auto, and income continuation insurance. In addition, such policies provided certain health benefits; but the portion of the premium allocable to health insurance was not separately stated, and for that reason, the Commissioner disallowed the deduction of such premiums.At the trial, the Commissioner agreed that the petitioners incurred additional deductible medical expenses of $85.00 in 1972 and $64.35 in 1973. In 1972 and 1973, the petitioners filed separate tax returns. *430 Mrs. Porter itemized her deductions in both years, whereas Mr. Porter did not. Mr. Porter claimed the low income allowance for 1972 and 1973, and the Commissioner denied such claims. OPINION The first issue for decision is whether the petitioners, who resided in a community property State during the years in issue, must divide their incomes, deductions, and exemptions equally where they did not agree to change their community income to separate property. It has long been settled that State law determines who owns income. Commissioner v. Estate of Bosch,387 U.S. 456 (1967); United States v. Mitchell,403 U.S. 190 (1971); United States v. Malcolm,282 U.S. 792 (1931); Poe v. Seaborn,282 U.S. 101 (1930). Under California law, the petitioners' incomes were presumed to be community property. Cal. Civ. Code sec. 5110 (West 1970); Kimes v. Commissioner,55 T.C. 774, 778 (1971). Since the petitioners had no agreement changing their community income to separate property, and since the division of their incomes solely for Federal tax purposes did not make their community income separate property, each of them is treated as the owner of one-half of the community income, and as a consequence, *431 is chargeable with one-half of the community income for tax purposes. Kimes v. Commissioner,supra, and the cases cited therein. Similarly, "deductions properly chargeable against such returns should be equally divided between the spouses." Clemens v. Commissioner,8 T.C. 121, 125 (1947). Finally, with respect to the exemptions, the Commissioner determined Mr. Porter was entitled to four in 1972 and 1973, and that Mrs. Porter was entitled to three in 1972 and four in 1973. The petitioners have presented us with no evidence to justify disturbing such determination, and apparently, they have abandoned the issue on brief. Accordingly, we hold the petitioners must divide their incomes and deductions equally, and they must divide their exemptions in the manner determined by the Commissioner. [2]
The second issue for decision is whether the petitioners are entitled to deductions for office helpers, entertainment, repairs, contributions, dues and subscriptions, rent, moving expenses, investments, American Customs Brokers Co., depreciation, and taxes in excess of the amounts allowed by the Commissioner. *432 To be entitled to these deductions, the petitioners have the burden of proving, inter alia, that they in fact incurred these expenses and that they were incurred for the stated purposes. Rule 142(a), Tax Court Rules of Practice and Procedure; [3]Welch v. Helvering,290 U.S. 111 (1933). In addition, where entertainment expenses are in issue, section 274 and and the regulations thereunder provide specific substantiation requirements which must be met to deduct such expenses. Here, the petitioners presented absolutely no evidence to support the deductibility of the amounts in dispute; we have no alternative but to sustain the Commissioner's determination with respect to such items. Accordingly, the petitioners are not entitled to deductions for such items in excess of the amounts allowed by the Commissioner in his deficiency determination as modified at trial. The third issue for decision is whether the petitioners had interest income in the amount determined by the Commissioner. Based on the audit, the Commissioner determined the petitioners had interest income of $719, but at trial, the Commissioner *433 decreased the petitioners' interest income to $309. Such determination is presumptively correct, and the petitioners have the burden of proving their interest income was less than such amount. Rule 142(a); Welch v. Helvering,supra.At trial, the petitioners presented no evidence on this issue, so the Commissioner's determination must be sustained. The fourth issue for decision is whether the petitioners may claim deductions attributable to income derived from sources within a possession of the United States where such income was not reported on their Federal income tax returns. Section 931 sets forth rules for the treatment of income earned from sources within possessions of the United States, including American Samoa. Under section 931(a), such income need not be included in gross income if certain conditions are met. See sec. 931(a)(1), (2). However, section 931(d) provides that where a taxpayer is entitled to exclude income earned from sources within possessions of the United States from his Federal income tax return, "deductions shall be allowed only if and to the extent that they are connected with income from sources within the United States." Here, neither party presented *434 any evidence pertaining to the requirements of section 931(a), nor have they questioned whether such requirements were met. The petitioners presumably concluded they had complied with the requirements of such section since they did not include in their gross incomes income earned within American Samoa. Since both parties apparently assume section 931(a) was met, we will make the same assumption solely for the purposes of this issue. Accordingly, under the provisions of section 931(d), the expenses allocable to the petitioners' income earned within American Samoa are not deductible. The fifth issue for decision is whether the petitioners' gross receipts from Mr. Porter's business in 1972 were less than the amount reported by the petitioners on their tax returns for such year. Based in part on two financial statements from Mr. Porter's Long Beach office which were dated April 17, 1973, and April 14, 1974, and which Mr. Porter had given to the revenue agent auditing the petitioners' tax returns, the Commissioner determined that the petitioners had gross receipts from Mr. Porter's business of $25,000, the amount reported by Mr. Porter. The petitioners have the burden of proving their *435 gross receipts were less than $25,000, and on this record, they have failed to carry that burden. The petitioners argue that they included in their gross receipts $2,015 from the Long Beach office when in fact they should have only included $1,070. Though the financial statement dated April 15, 1973, states the "Income from Services Rendered" for the Long Beach office was $1,070, the other two financial statements which were subsequently prepared report such income as $2,015. In addition, certain handwritten computations on the front of the financial statement dated April 15, 1973, indicate that the petitioners computed their gross receipts as $25,000 using only $1,070 as their income from the Long Beach office. Accordingly, we hold that the petitioners had gross receipts of $25,000 from Mr. Porter's business in 1972. The sixth issue for decision is whether the petitioners are entitled to a medical expense deduction for insurance premiums where the insurance policies provide for health, life, accident, auto, and income continuation insurance, but the portion of the premium allocable to health insurance is not separately stated on the contract or furnished to the policyholder by *436 the insurance company in a separate statement. Section 213(a) provides a deduction for expenses paid during the taxable year for the medical care of the taxpayer. Section 213(e)(1) defines medical care. Section 213(e)(2)(A) provides in relevant part: (2) In the case of an insurance contract under which amounts are payable for other than medical care * * *-- (A) no amount shall be treated as paid for insurance * * * unless the charge for such insurance is either separately stated in the contract, or furnished to the policyholder by the insurance company in a separate statement, The amount attributable to health insurance was not separately stated, and the petitioners presented no evidence that the charge for health insurance was furnished to them in a separate statement. Accordingly, the petitioners are not entitled to deduct insurance premiums in excess of those allowed by the Commissioner. The seventh issue for decision is whether one spouse is entitled to claim the standard deduction for 1972 and 1973 where the other spouse filed a separate return itemizing deductions. Section 141(a) provided generally that the standard deduction is the larger of the percentage standard deduction *437 or the low income allowance. Section 142(a) provided: (a) Husband and Wife.--The standard deduction shall not be allowed to a husband or wife if the tax of the other spouse is determined under section 1 on the basis of the taxable income computed without regard to the standard deduction. Since Mrs. Porter itemized her deductions in 1972 and 1973, Mr. Porter was not eligible for the standard deduction. The eighth issue for decision is whether Mr. Porter is liable for the addition to tax under section 6651(a) for failing to timely file his 1972 Federal income tax return. Apparently, he concedes that such return was not filed timely. To avoid such addition to tax, Mr. Porter has the burden of proving his failure to timely file his 1972 tax return was due to reasonable cause. Bagur v. Commissioner,66 T.C. 817, 823 (1976), on appeal (5th Cir., Dec. 13, 1976); Electric & Neon, Inc. v. Commissioner,56 T.C. 1324, 1342 (1971), affd. per curiam without published opinion 496 F. 2d 876 (5th Cir. 1974); Zivnuska v. Commissioner,33 T.C. 226, 239 (1959). The only evidence submitted on this point is a notation on the front page of Mr. Porter's 1972 tax return explaining that Mr. Porter had been *438 ill. However, it is quite apparent that Mr. Porter was actively engaged in preparing other taxpayers' returns during the relevant period, and there was no evidence introduced at trial concerning whether he was in fact ill, whether he was seriously ill, or whether he was ill for an extended period. On this record, we must conclude that Mr. Porter has not established that his failure to timely file his 1972 Federal tax return was due to reasonable cause. The last issue for decision is whether any part of the underpayment of taxes for 1972 and 1973 was due to negligence or intentional disregard of rules and regulations. The petitioners also have the burden of proof on this issue. Cleveland Chiropractic College v. Commissioner,312 F. 2d 203, 207 (8th Cir. 1963), affg. a Memorandum Opinion of this Court; Axelrod v. Commissioner,56 T.C. 248, 258-259 (1971). For both years, the petitioners substantially overstated their deductions, and they understated their incomes. They allocated their income and deductions in a manner which was clearly contrary to the law, and they ignored clear and unequivocal statutory provisions with regard to the standard deduction and the deductibility of *439 insurance premiums as medical expenses. The petitioners have offered no evidence explaining their conduct, and we are not convinced they have any acceptable explanation therefor. Accordingly, we hold that the petitioners have failed to meet their burden of proving that the underpayments were not due to negligence or intentional disregard of rules and regulations, and we hold that they are liable for the additions to tax. Bunnel v. Commissioner,50 T.C. 837, 843 (1968). Decisions will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
a. The petitioners are entitled to deduct more for these items than the amount deducted on their returns.
2. Neither party argues the applicability of sec. 931(e)↩, and therefore, we will not consider it.
3. All references to a Rule are to the Tax Court Rules of Practice and Procedure.↩