Jack J. and Esther L. Barton v. Commissioner#&
Barton v. Commissioner
Docket No. 3255-67.
United States Tax Court
T.C. Memo 1969-46; 1969 Tax Ct. Memo LEXIS 251; 28 T.C.M. (CCH) 261; T.C.M. (RIA) 69046; March 10, 1969, Filed *251 Aleksandrs V. Laurins, for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1965 of $1,266.88 and an addition to tax under section 6653(a), I.R.C. 1954, in the amount of $63.34. The issues for decision are: (1) Whether petitioners are entitled to claimed deductions of $7,395.19 for business expenses. (2) Whether petitioners are liable for the 5 percent addition to tax under section 6653(a), I.R.C. 1954. Petitioners did not appear when this case was called for trial but by letter dated January 24, 1969, requested that the case be submitted on the pleadings and the stipulation of facts executed by the parties and filed with the Court on January 21, 1969. Respondent appeared by counsel when the case was called for trial and did not object to submission of the case on the basis of the pleadings and the stipulation of facts. The facts are found as stipulated. Petitioners Jack J. Barton and Esther L. Barton, husband and wife, resided in Fort Worth, Texas on the date of the filing of the petition in this case. Petitioners *252 filed a joint Federal income tax return for the calendar year 1965 with the district director of internal revenue at Dallas, Texas. This return contained a schedule C, "Profit (or Loss) from Business or Profession" on which appeared the statement that the principal business of petitioner Jack J. Barton is Consulting Engineer. The schedule C showed gross receipts of $6,075.00 and total costs of $7,395.19 with a resulting loss of $1,320.19. Of the amount of deductions claimed by petitioner, the amount of $7,132.85 was listed as travel expenses on a form 2106, "Statement of Employee Business Expenses." 262 During the taxable year 1965 petitioner Jack J. Barton was employed as follows: Period
Employed at
January 1 to March 30
H.K. Porter Co. Antioch, California
March 30 to June 15
Brown Rubber Co. Lafayette, Indiana
June 15 to October 15
Zimmer Paper Prod- ucts, Inc.
1450 East 20th Street Indianapolls, Indiana
October 15 to De- cember 31
Unemployed
During the taxable year 1965 petitioners maintained the following residences: Period
Residence
January 1 to March 30
102 W. 20th Street Antioch, California
March 30 to Septem- ber 30
R.R. No. 10 Road 26 West West Lafayette, Indiana
September 30 to De- cember 31
Charleston Apartments Indianapolis, Indiana
*253 Zimmer Paper Products, Inc., provided petitioner Jack J. Barton with a desk and office space for his business activities in behalf of Zimmer Paper Products, Inc. During the period from July 1, 1965 to September 30, 1965, petitioner Jack J. Barton drove each workday in his automobile from his residence in Lafayette, Indiana to the premises of Zimmer Paper Products, Inc., Indianapolis, Indiana. The distance between Lafayette, Indiana and Indianapolis, Indiana is 51 miles. During the period July 1, 1965 until September 30, 1965 petitioner Jack J. Barton spent an average workday in the following activities: Transportation to Indianapolis
1.5-1.75 hours
Breakfast (en route)
.5
Work on premises
8.0
Lunch
1.0
Transportation to Lafayette
1.5-1.75
Dinner (en route) 1.5
Total
14.0-14.5 hours
During the period from July 1, 1965 until September 30, 1965, petitioner Jack J. Barton returned on workdays to his Lafayette, Indiana residence only to obtain necessary sleep. Respondent in his notice of deficiency disallowed petitioner's claimed deduction of expenses of $7,395.19 with the following explanation: It is determined that the items listed below [the *254 various items of expenses claimed by petitioner totaling $7,395.19] which you claimed as employee expenses and/or business expenses sustained in your engineering consultant activities are disallowed for lack of substantiation that the deductions claimed were actually incurred and paid in 1965 and for lack of proof that the deductions claimed constituted ordinary and necessary employee or business expenses rather than personal living cost. Accordingly your taxable income is increased by $7,395.19. The only expenses which are shown by the evidence in this case to have been incurred by petitioner Jack J. Barton during the year 1965 are those in driving each workday for a period of 3 months a round trip of approximately 102 miles to his work at Zimmer Paper Products, Inc., and the cost in an unstated amount of the breakfasts and dinners he ate on his way to and from his work. There is nothing in the record to indicate that these expenses were business expenses and not personal living expenses. Commuting expenses are personal expenses and not business expenses. Clinton H. Mitchell, 42 T.C. 953, 970 (1964) and cases there cited. Petitioners have totally failed to show that *255 any portion of the deductions claimed by Jack J. Barton as business expenses is properly deductible. Petitioners have also failed to show that some part of their underpayment of tax was not due to negligence or intentional disregard of rules and regulations. Decision will be entered for respondent.