**Jack J. and Esther L. BARTON, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 17782.**

United States Court of Appeals, Seventh Circuit.

Feb. 26, 1970.

Rehearing Denied April 24, 1970.

Jack J. and Esther L. Barton, pro se.

Johnnie M. Walters, Asst. Atty. Gen., Tax Division, Lee A. Jackson, William

**1296**

A. Friedlander, Richard Farber, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before CUMMINGS and KERNER, Circuit Judges, and MORGAN, District Judge.[1]

PER CURIAM.

This case was decided in the Tax Court on stipulated facts and is presented here on briefs without oral argument. It involves the validity of a deficiency assessment of $1,266.88 and a five per cent negligence addition thereto (involving no intent to defraud), under 26 U. S.C. § 6653(a), imposed by respondent against petitioners for calendar 1965. The agreed facts are fully stated in the Memorandum Opinion of the Tax Court, designated T.C.Memo 1969–46 and published at 28 T.C.M. 261.

■ The deficiency arose from disallowance as a business expense deduction of petitioner Jack Barton's claimed expense of $7,395.19, covering daily travel and meals for about three months between his residence in West Lafayette, Indiana, and his employment at Indianapolis, Indiana, a round trip distance of 102 miles. He lived at West Lafayette from March 30 to September 30, 1965. He worked there from March 30 to June 15. On September 30 he moved to Indianapolis. His Indianapolis employment extended from June 15 to October 15, 1965. His average workday during the period involved was 14 to 14½ hours away from home, consisting of eight hours of work at Indianapolis and the balance in driving to and from work and eating three meals. The Commissioner's disallowance was based on "lack of proof that the deductions claimed constituted ordinary and necessary employee or business expenses rather than personal living cost." He is clearly right. There is no indication of any kind in the record why petitioners chose to wait until September 30 to move their residence to Indianapolis.

■ ■ To support travel expense deductions, a taxpayer must show that the exigencies of business, rather than personal preference as to a place of residence, required the travel. Commissioner v. Flowers, 326 U.S. 465, 474, 66 S.Ct. 250, 90 L.Ed. 203; Carragan v. Commissioner, 2 Cir., 197 F.2d 246, 249. Expense of meals eaten in the course of such daily commuting is personal expense. United States v. Correll, 389 U. S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537. The regulations clearly state that daily commuting expenses are personal. 26 C.F.R. § 1.262–1.

■ The taxpayer also has the burden of proving that a negligence penalty under 26 U.S.C. § 6653(a) was erroneous. Marcello v. Commissioner, 5 Cir., 380 F. 2d 499, 506, cert. den., 389 U.S. 1044, 88 S.Ct. 787, 19 L.Ed.2d 835; Boynton v. Pedrick, 2 Cir., 228 F.2d 745, 746, cert. den., 351 U.S. 938, 76 S.Ct. 835, 100 L. Ed. 1465.

There is nothing in the record here tending to refute either the basic assessment or the negligence penalty.

The judgment of the Tax Court is affirmed.

1. Judge Robert D. Morgan is sitting by designation from the United States District Court for the Southern District of Illinois.