Virgil Q. Pemberton and Doris H. Pemberton v. Commissioner.
Pemberton v. Commissioner
Docket No. 5230-69 SC.
United States Tax Court
T.C. Memo 1970-194; 1970 Tax Ct. Memo LEXIS 165; 29 T.C.M. (CCH) 875; T.C.M. (RIA) 70194; July 9, 1970, Filed Martin L. Haines, for the petitioners. Howard W. Gordon, for the respondent. 876 Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $415.40 in petitioners' 1966 income tax. The only issue for decision is whether petitioner Virgil Q. Pemberton is entitled to deduct transportation expenses in the aggregate amount of $1,833.20 incurred in driving his automobile daily from his home to his places of employment and back. The deduction is sought either as a traveling expense incurred while "away from home" under section 162(a)(2), I.R.C. 1954, or as a business expense under the general provisions of section 162(a). Findings of Fact The parties *166 have filed a stipulation of facts which is incorporated herein by this reference. Petitioners, husband and wife, filed a joint income tax return for 1966 with the district director of internal revenue at Philadelphia, Pennsylvania. They resided in Clarksboro, New Jersey, at the time of the filing of their petition in this case. Petitioner Virgil Q. Pemberton (hereinafter sometimes referred to as petitioner), a pipe fitter, resided in Paulsboro, New Jersey, from June 1962 until October 1967. During this period he was a member of Union Local 322 which had its union hall in Westville, New Jersey. During 1965, work was scarce in the area over which Local 322 had jurisdiction, and as a result petitioner lost some 50 or 60 days of work in 1965. Petitioner secured a job with the B.F. Shaw Company in Wilmington, Delaware, through Local 322, and he worked there from October 1, 1965, through December 16, 1966. Wilmington was within the jurisdiction of Union Local 80, but it was only with the permission of Local 322 that petitioner was permitted to work in Wilmington. Petitioner's employment with B.F. Shaw was of uncertain duration. The company fabricated pipe to fill orders which they *167 received, and petitioner's employment depended upon the amount of work the company required to fill its current orders. Furthermore, since petitioner was not a member of Union Local 80, he could have lost his job if any member of Local 80 became unemployed and wanted to take his place. During the time of his employment by B.F. Shaw, many of petitioner's co-workers were laid off from their jobs. On several occasions petitioner was told that he would be laid off, but in each instance the company subsequently received a new order and he was able to continue his employment. While employed by B.F. Shaw in 1966, petitioner commuted to Wilmington daily, covering a distance of 60 miles roundtrip. Petitioner did not move from Paulsboro to the Wilmington area for two reasons. His wife was then employed in Paulsboro, and a move to Wilmington would have required her to undertake the 60 mile per day commuting trip. Secondly, it would have been extremely difficult for petitioner to transfer to Union Local 80, and he would have had to continue to work out of Local 322 and therefore be subject to the seniority of members of Local 80. From December 19, 1966 until February 23, 1967, petitioner *168 was employed by Almirall and Doyle in Forked River, New Jersey, which was within the jurisdiction of Union Local 331. The roundtrip distance from Paulsboro to Forked River was 156 miles, and petitioner traveled this distance daily as he commuted to Forked River from December 19 through the end of 1966. On their joint income tax return for 1966, petitioner and his wife claimed the following automobile expenses as deductible business expenses: 877 In determining the deficiency herein, the Commissioner disallowed the $1,833.20 deduction claimed with respect to petitioner's travel to and from Wilmington and Forked River. Opinion RAUM, Judge: Petitioners attempt to justify the claimed deduction as (1) a travel expense incurred while "away from home" under section 162(a)(2), [1] and (2) a business expense under the general provisions of section 162(a). [2] We think that neither provision supports the claimed deduction. *169 Section 162(a)(2) clearly does not support the claimed deduction, since the Supreme Court has upheld the Commissioner's "sleep or rest rule" which excludes from the coverage of section 162(a)(2) all trips requiring neither sleep nor rest, United States v. Correll, 389 U.S. 299, and the record here contains not the slightest suggestion that petitioner's travel required either "sleep or rest." Cf. Joseph J. Bunevith, 52 T.C. 837, 841, affirmed - F. 2d - (C.A. 1). Nor is petitioner entitled to the deduction under the introductory provisions of section 162(a). The travel involved in this case is simply that of daily commuting to the taxpayer's job, and commuting expenses have always been regarded as non-deductible personal expenses. See Commissioner v. Flowers, 326 U.S. 465; United States v. Tauferner, 407 F. 2d 243, 246 (C.A. 10); Carragan v. Commissioner, 197 F. 2d 246, 249 (C.A. 2); Smith v. Warren, 388 F. 2d 671 (C.A. 9); Steinhort v. Commissioner, 335 F. 2d 496, 505 (C.A. 5); Frank H. Sullivan, 1 B.T.A. 93. Certainly, in the case of the Wilmington job a one-way trip of 30 *170 miles is well within the range of commuting distance traveled by many persons in these days of modern highways. And although the Forked River job involved a one-way trip of 78 miles, we cannot say that the cost of petitioner's travel was other than a nondeductible daily commuting expense. Cf. Jack J. Barton v. Commissioner, 424 F. 2d 1295 (C.A. 7), affirming a Memorandum Opinion of this Court. Difficulties with respect to membership in union locals and personal considerations may explain why he did not move his home closer to the jobs here in controversy, but the fact remains that he was merely commuting daily to those jobs and the expense incurred in respect thereof does not qualify for deduction under section 162. Decision will be entered for the respondent. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * * ↩
2. See footnote 1, supra.↩