GEORGE M. FEESE AND OPAL FEESE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Feese v. Commissioner
Docket No. 27055-81.
United States Tax Court
T.C. Memo 1984-46; 1984 Tax Ct. Memo LEXIS 625; 47 T.C.M. (CCH) 981; T.C.M. (RIA) 84046; January 30, 1984. Robert C. Rogers, Jr., for the petitioners. John F. *626 Driscoll, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Negligence Addition
Year
Deficiency in Tax
Section 6653(a) [1]
1978
$1,318
$65.90
1979
1,085
54.25
Respondent subsequently conceded that there is no deficiency in tax or addition to tax owing with respect to the taxable year 1978. As a result, the issues remaining for decision are: (1) whether petitioners are entitled to a deduction in the amount of $3,916.76 for traveling expenses under section 162(a)(2); and (2) whether petitioners are liable for an addition to tax in the amount of $54.25 under section 6653(a). All of the facts have been stipulated and this case was submitted to this Court without trial pursuant to Rule 122. The stipulation of facts and accompanying exhibits are so found and incorporated herein by reference. Petitioners filed a joint Federal income tax return for the taxable *627 year 1979 with the Internal Revenue Service in Atlanta, Georgia. Petitioners were legal residents of Lithia, Florida, when they filed their petition. Petitioner George M. Feese was employed during 1979 as a union pipefitter. [2] Throughout this year, he resided in Lithia, Florida, was employed by the following for the indicated periods and claimed the following mileage on the 1979 joint return: Period
Employer
Location
(a) January 1-29
Grunau Company
Albany, Ga.
(b) February 9-20
Sybron/Pfaudler
Tampa, Fla.
(c) March 6-29
P.J. Pedone &
Bartow, Fla.
Company, Inc.
(d) March 29 -
Davey McKee
New Wales, Fla.
April 25
Engineers &
Constructors
(e) May 4-9
Central Maintenance
Mulberry, Fla.
and Welding, Inc.
(f) May 10 -
Stearns-Rogers, Inc.
New Wales, Fla.
October 29
(g) November 1 -
Matthews, McCracken,
New Wales, Fla.
December 31
Rutland Corporation
Distance
Total Mileage
from Lithia,
Claimed
Period
Florida
for Period
(a) January 1-29
325 miles
650 miles
(b) February 9-20
(c) March 6-29
46 miles
1,656 (92 miles X
18 days worked)
(d) March 29 -
35 miles
980 (70 miles X
April 25
14 days worked)
(e) May 4-9
46 miles
368 (92 miles X
4 days worked)
(f) May 10 -
35 miles
10,080 (70 miles X
October 29
144 days worked)
(g) November 1 -
35 miles
3,430 (70 miles X
December 31
49 days worked)
*628 During petitioner's employment in Albany, Georgia, he did not travel to his home in Lithia, Florida. During his employment at all of the other locations, petitioner commuted daily to the worksite and returned to his home in Lithia, Florida. On the 1979 Federal income tax return, petitioners claimed the following traveling expenses: Item
Amount
Meals and lodging expenses
$ 360.00
for 34 days
Auto expenses
3,163.40
Depreciation on trailer
70.00
Rent and utilities
128.36
Trailer tax and insurance
195.00
$3,916.76
Petitioner retained receipts, cancelled checks, or other documentary evidence supporting the following expenses: Rent and utilities
$106.12
Gas
26.34
$132.46
The Commissioner disallowed in full petitioner's claimed travel expenses for lack of substantiation and failure to establish that they were ordinary and necessary business expenses. Petitioner's claimed expenses *629 can be generally divided into two categories: (1) travel expenses incurred between his personal residence in Lithia, Florida, and various worksites in Polk County, Florida (items c through g of the preceding schedule) and (2) miscellaneous travel expenses associated with his employment in Albany, Georgia (item a of the preceding schedule). With respect to the first category of travel expenses, petitioner contends that his principal place of employment was in Hillsborough County, the county in which his residence in Lithia is located, and that his employment at various jobsites in Polk County, was "temporary;" therefore, the travel expenses between his residence in Lithia and the Polk County jobsites constituted "away from home" expenditures within the purview of section 162(a)(2). Respondent contends that petitioner's principal place of employment was in Polk County; therefore, petitioner was never "away from home" within the ambit of section 162(a)(2). Section 162(a)(2) [3] allows a taxpayer to deduct his travel expenses while away from home in pursuit of a trade or business. Section 262, however, prohibits deductions for personal, living or family expenses. Commuting expenses *630 are generally not deductible because they are personal expenses. Commissioner v. Flowers,326 U.S. 465, 473 (1946). In determining whether petitioner's travel expenses are deductible, the Supreme Court held that all of the following conditions must be present: (1) the expenses must be reasonable and necessary; (2) they must be incurred "while away from home;" and (3) they must be incurred in the pursuit of business. Commissioner v. Flowers,supra at 470. This Court has consistently interpreted the term "home" used in section 162(a)(2) to constitute the vicinity of a taxpayer's principal place of employment if different from that of his personal residence. Mitchell v. Commissioner,74 T.C. 578, 581 (1980); *631 Foote v. Commissioner,67 T.C. 1, 4 (1976); Kroll v. Commissioner,49 T.C. 557, 561-562 (1968). Based upon the record before us, petitioner has failed to carry his burden of proof and we find that his principal place of employment was in Polk County. The record is devoid of evidence indicating that petitioner's principal place of employment was other than Polk County where all of the jobsites in Florida were located, except one in Tampa. Petitioner did not introduce any evidence of locations of his prior employment and did not otherwise support his contention that Hillsborough County was his principal place of employment.The record shows that petitioner was employed in Polk County for ten months of the taxable year in issue. Therefore, the Commissioner's determination that petitioner's travel expenses between his personal residence and the Polk County worksites are not deductible pursuant to section 162(a)(2) is sustained. Petitioner's remaining travel expenses are associated with his employment in Albany, Georgia. Given our holding that petitioner's principal place of employment was in Polk County, Florida, and his residence was in Hillsborough *632 County, Florida, he clearly was "away from home" while employed in Albany, Georgia. Therefore, petitioner is entitled to deduct the ordinary and necessary travel expenses under section 162(a)(2) which are substantiated in accordance with section 274(d). [4]
*633 The parties stipulated that petitioner substantiated rent and utilities of $106.12 and gas of $26.34 but they did not stipulate to the purpose, time or place of such expenditure. The record contains no further explanation; therefore, they have not been substantiated within the meaning of section 274(d) and are disallowed. The position of respondent as to the mileage to and from Albany, Georgia, is unclear. He argues that petitioner's principal and permanent place of employment in 1979 is Polk County, Florida. We have so found. By implication, the employment of 28 days in Albany, Georgia, must be temporary and respondent does not argue otherwise. The parties stipulated that the round trip was 650 miles. Petitioner, having satisfied the requirements of section 274(d) in this regard, is, therefore, entitled to deduct mileage of 650 miles based upon the allowable standard mileage rate. See Smith v. Commissioner,80 T.C. 1165 (1983). No other amounts are deductible because petitioner failed to substantiate any of his other claimed expenses as required by section 274(d) except mileage. Petitioner did not introduce any evidence substantiating depreciation on his *634 trailer, trailer tax, trailer insurance or meals and lodging expenses. Petitioner's claim that section 1.274-5(c)(2)(iii)(b), Income Tax Regs., totally alleviates his substantiation obligations for meals and lodging is without merit. This provision merely dispenses with the need to retain certain documentary evidence (which does not relate to lodging expenses, see section 1.274-5(c)(2)(iii)(a), Income Tax Regs.) and does not alter petitioner's general record keeping obligations under section 274(d) and section 1.274-5(c)(2)(i), Income Tax Regs. Accordingly, except as provided above, the Commissioner's disallowance of the miscellaneous travel expense deductions is sustained. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). The remaining issue is whether the addition to tax pursuant to section 6653(a) is warranted. The petitioner has the burden of proving that this addition to tax was erroneously imposed. Barton v. Commissioner,424 F.2d 1295, 1296 (7th Cir. 1970), cert. denied 400 U.S. 949 (1970), affg. a Memorandum Opinion of this Court; Rule 142(a). Petitioner has failed to introduce any evidence on this issue. *635 Accordingly, the Commissioner's determination is sustained. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and all rule references are to this Court's Rules of Practice and Procedure.↩
2. Petitioner Opal Feese is a party herein solely as the result of her filing a joint Federal income tax return with her husband for the taxable year 1979. For convenience, therefore, we will hereafter refer to George M. Feese as petitioner.↩
3. Sec. 162. TRADE OR BUSINESS EXPENSES. (a) IN GENERAL.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * *↩
4. (d) SUBSTANTIATION REQUIRED.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.↩