RANDALL HARRISON BORDERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Borders v. Commissioner
Docket No. 30220-83.
United States Tax Court
T.C. Memo 1986-466; 1986 Tax Ct. Memo LEXIS 148; 52 T.C.M. (CCH) 617; T.C.M. (RIA) 86466; September 22, 1986
Randall Harrison Borders, pro se. Mary Jansing, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for taxable year 1981 in the amount of *150 $10,164 and additions to tax of $2,450 under section 6651(a); [1] $508.20 plus 50 percent of the interest due on an underpayment of $10,164 under section 6653(a)(1) and (2), respectively; and $744.01 under section 6654(a). Respondent also filed a motion for award of damages under section 6673 when this case was called for trial. The issues for decision are: (1) whether petitioner received income in the amount of $36,154 during taxable year 1981 which should be included in his taxable income under section 61(a); (2) whether petitioner is liable for the addition to tax for failure to file a Federal income tax return under section 6651(a)(1); (3) whether petitioner is liable for the additions to tax due to negligence under section 6653(a)(1) and (2); (4) whether petitioner is liable for the addition to tax for the underpayment of estimated tax under section 6654(a); and (5) whether damages should be awarded to the United States under section 6673. *151 FINDINGS OF FACT At the time the petition in this case was filed, petitioner resided in Modesto, California. Petitioner did not file a Federal income tax return for taxable year 1981. He filed Forms W-4 with his employer during that year on which he claimed to be exempt from taxation. Petitioner did file Federal income tax returns for 1979 and 1980. A substitute return was prepared for petitioner by the Internal Revenue Service from Forms 1099 and W-2 submitted to the Internal Revenue Service from petitioner's banking institutions and employers for taxable year 1981. The sum of these amounts was $36,154. On August 1, 1983, respondent issued a statutory notice of deficiency to petitioner in which he determined that petitioner was liable for Federal income tax on this amount, together with additions to tax for failure to file, negligence, and underpayment of estimated tax. OPINION Respondent's determinations are presumptively correct; petitioner bears the burden of proving that he is not liable for the deficiencies determined in the statutory notice. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). The petition which was filed in the instant case *152 did not contain clear and concise assignments of error and clear and concise statements of fact on which petitioner based assignments of error. See Rule 34(b)(4) and (5). At trial, petitioner's principal argument was that the compensation he received for his services was not paid on the basis of a percentage of profits, and consequently that respondent erred in determining that it was taxable income to him under section 61. In support of this position, petitioner cited section 1.61-2(a), Income Tax Regs. This section provides, in pertinent part: Wages, salaries, commissions paid to salesmen, compensation for services on the basis of a percentage of profits, commissions on insurance premiums, tips, bonuses (including Christmas bonuses), termination or severence pay, rewards, jury fees, marriage fees and other contributions received by a clergyman for services, pay of persons in the military or naval forces of the United States, retirement pay of employees, pensions, and retirement allowances are income to the recipients unless excluded by law. * * * Petitioner's position is that because the compensation he received was not based on a percentage of profits, it is not income to *153 him within the meaning of section 1.61-2(a), Income Tax Regs. Petitioner fails to note, however, that this section is written in the conjunctive rather than the disjunctive, and therefore the hourly wages which he received as reported to the Internal Revenue Service by his employers on Forms W-2, as well as the interest income reported by various banking institutions on Forms 1099 and the unemployment income received by petitioner in the year in issue constitute income within the meaning of section 61 and section 1.61-2(a), Income Tax Regs.
Petitioner further alleges that respondent erred in referring to him in the notice of deficiency as a "taxpayer." Petitioner bases this allegation on his claim that he paid no taxes during taxable year 1981 and that he does not have a taxpayer identification number. A taxpayer is defined as any person subject to any Internal Revenue tax. Sec. 7701(a)(14). During the year in issue, petitioner had income in excess of the required amount plus the zero bracket amount and was therefore subject to Federal income tax. Sec. 1. Despite his failure to pay tax that year, he fits within the definition of the term taxpayer in the Internal Revenue Code. *154 Petitioner also stated that he had no social security number which would constitute an identifying number under section 6109. However, at trial, petitioner identified the social security number appearing on documents used by respondent to compute petitioner's taxable income for the year in issue as his social security number. Petitioner did not dispute the amount of compensation determined by respondent in the notice of deficiency. He argued, however, that these amounts were not wages and that he was not a taxpayer. Because we find these arguments unpersuasive, we hold that petitioner received taxable income in the amount of $36,154 during taxable year 1981. Respondent determined an addition to tax under section 6651(a)(1) based on petitioner's failure to file a Federal income tax return for taxable year 1981. Section 6651(a)(1) provides, in pertinent part: (a) Addition to the Tax. -- In case of failure -- (1) to file any return, * * * unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more *155 than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate[.] Petitioner bears the burden of proving that the failure to file a timely return is due to reasonable cause. Lee v. Commissioner,227 F.2d 181, 184 (5th Cir. 1955), cert. denied 351 U.S. 982 (1956). Petitioner did not file an income tax return for taxable year 1981. Despite petitioner's claim to the contrary, he had sufficient income to require the filing of such a return. Sec. 6012(a). Petitioner argues, however, that the Forms W-2 and 1099 received by the Internal Revenue Service contained sufficient information to constitute a return. [2] Petitioner offers no support for this proposition, nor have we found any. The fact that the amounts of wages and interest income received by petitioner were reported to the Internal Revenue Service does not excuse petitioner from his duty to file a Federal income tax return. Therefore, we find that petitioner is liable for the addition to tax under section 6651(a)(1) as determined by respondent. *156 Respondent has also determined that petitioner is liable for additions to tax under section 6653(a)(1) and (2) for taxable year 1981. Section 6653(a)(1) provides that if any part of any underpayment is due to negligence or intentional disregard of rules or regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. Section 6653(a)(2) provides, in pertinent part, that there shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment described in paragraph (1) which is attributable to the negligence or intentional disregard of rules or regulations. Petitioner bears the burden of proving that no part of the underpayment herein is due to negligence or intentional disregard of rules or regulations. Barton v. Commissioner,424 F.2d 1295 (7th Cir. 1970), cert. denied 400 U.S. 949 (1970). Petitioner offered no evidence in an attempt to overcome the presumption of correctness in respondent's determination of the addition to tax under section 6653(a). *157 Further, petitioner had filed Federal income tax returns for taxable years 1979 and 1980. Petitioner was aware of his duty to file Federal income tax returns. Therefore, we sustain respondent's determination with respect to the additions to tax under section 6653(a)(1). Respondent also determined an addition to tax under section 6654 for the failure to pay estimated income tax for taxably year 1981. Section 6654 provides for an addition to tax in the case of any underpayment of estimated tax by an individual. This addition to tax is mandatory. Estate of Ruben v. Commissioner,33 T.C. 1071 (1960). Petitioner did not file estimated tax payments for taxable year 1981 and he filed Forms W-4 with his employers claiming he was exempt from Federal income tax for that year. Consequently, his employers did not withhold any income tax from petitioner's wages. Therefore, petitioner made no payments of estimated tax for taxable year 1981 and is liable for the addition to tax under section 6654. Finally, respondent seeks damages under section 6673 in the amount of $5,000. Section 6673 provides: Whenever it appears to the Tax Court that proceedings before it have *158 been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. As noted above, the petition in the instant case contained no clear and concise assignments of error with respect to the statutory notice of deficiency. Subsequent to the filing of the petition, petitioner refused to meet with or speak to counsel for respondent. Petitioner further refused to enter into a stipulation of fact with respect to the instant litigation. The arguments he made at trial were frivolous and groundless. Petitioner was informed, prior to trial, that refusal to cooperate in an attempt to reach a stipulation which would conserve the time of this Court and of the parties would result in a request for damages pursuant to section 6673. However, petitioner remained steadfast in his refusal to cooperate. Petitioner has abused the process *159 of this Court and wasted its resources and those of respondent. Basic Bible Church v. Commissioner,739 F.2d 266 (7th Cir. 1984); Abrams v. Commissioner,82 T.C. 403 (1984). Therefore, damages shall be awarded to the United States in the amount of $5,000. Based on the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. In Reiff v. Commissioner,77 T.C. 1169 (1981), this Court held that a 32-page document filed by the taxpayer did not constitute a return and that the attachment of a Form W-2 to said document was insufficient to enable it to be treated as a return. 77 T.C. at 1178↩.